NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN GIBLIN, <br><br> Plaintiff, <br><br> v. <br><br> SUN LIFE AND HEALTH INSURANCE COMPANY, et al. <br><br> Defendants. | Civil Action No. 11-2603 (JLL) <br><br> OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Sun Life and Health Insurance Company ("Defendant")'s motion for reconsideration of this Court's August 20, 2012 Opinion and Order denying Defendant's motion for summary judgment. The Court has considered the submissions made in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion for reconsideration is denied.

**I.    BACKGROUND**

The facts of this case are more fully detailed in this Court's August 20, 2012 Opinion, and are repeated here only to the extent they are relevant to the instant motion for reconsideration.

This case arises from Plaintiff Kevin Giblin ("Plaintiff")'s claim for recovery of disability income benefits pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132(a)(1)(B). Plaintiff was a full-time employee of the New York

1

City District Council of Carpenters ("NYDCC") until August 7, 2007 when he ceased working as a result of medical conditions which he alleges include pulmonary dysfunction and cardiovascular disease. (Compl. ¶ 8.) As an employee of the NYDCC, Plaintiff participated in the Employee Welfare Benefit Plan (the "Plan") which provided Group Long Term Disability Benefits to employees of the NYDCC. (*See id.* ¶¶ 6-7.)

After ending his employment, Plaintiff made a claim for benefits under the Plan. (*Id.* ¶ 9.) As the insurer and claims fiduciary of the Plan, Defendant initially accepted Plaintiff's claim and paid benefits through November 1, 2009, at which time it terminated Plaintiff's benefits. (*Id.* ¶ 10.) Upon Defendant's termination of benefits, Plaintiff filed an administrative appeal in accordance with 29 U.S.C. § 1133. (*Id.* ¶ 12.) In support of his appeal, Plaintiff submitted reports from his treating and examining physicians and other medical evidence in support of his claim for disability benefits. (*Id.*) Additionally, Plaintiff was examined by Defendant's physician, Dr. Monroe Karetzky, who ultimately disputed the medical premise underlying Plaintiff's disability claim. (CM/ECF No. 16-3 at ¶¶ 49-51.) Other physicians employed by Defendant reviewed Plaintiff's medical records, and also disputed the medical premise upon which Plaintiff's disability claim is based. (*See, e.g.,* CM/ECF No. 16-3 at ¶¶ 17-18, 39-42, 49-51.)

On April 13, 2012, the parties filed cross-motions for summary judgment. (*See* CM/ECF Nos. 16, 17.) On August 30, 2012, this Court denied each party's motion upon concluding that conflicting medical evidence in the record created "issues of fact that prevent[ed] the Court from granting summary judgment." (CM/ECF No. 20 at 7.) Defendant filed the instant motion for reconsideration on August 30, 2012.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly'." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98-5186, 2008 U.S. Dist. LEXIS 293, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

## III. DISCUSSION

Defendant argues that in denying its motion for summary judgment, this Court overlooked controlling precedent regarding the manner in which ERISA cases are decided. (*See* CM/ECF No. 21-1 at 3-7.) Defendant further argues that because the record establishes that its decision to terminate Plaintiff's benefits was not arbitrary and capricious, this Court should grant summary judgment in its favor. (CM/ECF No. 21-1 at 7-8.) The Court will address each of these arguments in turn.

3

A.    <u>Whether this Court Overlooked Controlling Precedent</u>

Defendant contends that in denying its motion for summary judgment based on the conflicting medical evidence in the record, this Court ignored Third Circuit precedent which has recognized "motions for summary judgment as the *only* appropriate way to bring the issue of eligibility for benefits [under the arbitrary and capricious standard of review] before the court." (CM/ECF No. 21-1 at 6, emphasis in original.) In support of its argument, Defendant relies on a footnote in *Lasser v. Reliance Std. Ins. Co.*, 344 F.3d 381 (3d Cir. 2003) which states that "de novo fact finding is improper in reviewing a claims administrator's decision under the arbitrary and capricious standard of review." *Id.* at 385 n.3.

Defendant's reliance on *Lasser* is misplaced. Nothing in *Lasser* supports Plaintiff's proposition that summary judgment is the *only* appropriate means by which a district court may decide whether a plaintiff is eligible for benefits under the arbitrary and capricious standard of review. As in this case, in *Lasser* the district court denied the parties' cross-motions for summary judgment because there was conflicting medical evidence in the record. *Id.* at 384 n.2. It was only after the district court held a bench trial to determine whether the defendant administrator had a conflict of interest that the court ruled on the plaintiff's claim.

This Court does not dispute that *Lasser* supports the proposition that this Court should refrain from de novo fact finding in determining whether Defendant's decision was arbitrary and capricious. Nothing in *Lasser*, however, precludes this Court from considering evidence presented during a bench trial to obtain a better understanding of the factual record upon which Defendant relied in deciding to terminate Plaintiff's benefit, and make a determination as to whether Defendant's decision was arbitrary and capricious in light of that record.

4

Case 2:11-cv-02603-JLL-MAH   Document 25   Filed 10/16/12   Page 5 of 6 PageID: 1193

Indeed, there is ample authority within the Third Circuit recognizing the propriety of a district court's considering evidence that is not strictly within the administrative record for such purposes. *See, e.g., Kosiba v. Merck & Co.*, 384 F.3d 58, 69 (3d Cir. 2004) ("While the District Court *may take further evidence to aid in its understanding of the medical issues involved*, it must base its ultimate determination on the record before the plan administrator, not its own judgment of whether [the plaintiff] was disabled.") (emphasis added); *see also Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 (3d Cir. 2004) ("A court may certainly consider evidence of potential biases and conflicts of interest that is not found in the administrator's record."); *O'Sullivan v. Metropolitan Life Ins. Co.*, 114 F. Supp. 2d 303, 310 (D.N.J. 2000) (observing that "evidence [outside the administrative record] that assists the district court in understanding the medical terminology or practice relating to a claim would be admissible, as such information would not be beyond the scope of evidence before the administrator at the time of its decision.").

Accordingly, this Court finds Defendant's argument that summary judgment is the only means by which this Court can adjudicate the instant case to be devoid of merit.

B.   <u>Whether Defendant's Denial of Plaintiff's Benefits was Arbitrary and Capricious</u>

Defendant's argument that its motion for summary judgment should have been granted because its "decision was not arbitrary and capricious" is not an adequate basis upon which a motion for reconsideration may be granted. In its original summary judgment motion, Defendant devoted approximately seven pages to arguing that its decision to terminate Plaintiff's benefits was not arbitrary and capricious. (*See* CM/ECF No. 16-2 at 18-25.) Defendant's attempt to re-litigate this issue in its motion for reconsideration is improper. *See, e.g., P. Schoenfeld*, 161 F. Supp. 2d at 352 ("Reconsideration motions . . . may not be used to re-litigate old matters.").

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration of this Court's August 20, 2012 Opinion and Order denying its motion for summary judgment is denied. An appropriate order follows.

Date: October 16, 2012

                                            Jose L. Linares
                                            United States District Judge